JUDGE McMAHON

14 CV 248

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X
DERICA MCARN,

                              Plaintiff,

            -against-

CITY OF NEW YORK, SERGEANT JOSUE PEREZ,
Shield No. 01870, and POLICE OFFICER DOES and
ROES 1-10,

                              Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

COMPLAINT
(Jury Trial Demanded)

14 Civ.

RECEIVED
JAN 13 2014
U.S.D.C. S.D. N.Y.
CASHIERS

Plaintiff Derica McArn, by her attorney Scott A. Korenbaum, Esq., for her Complaint,

alleges as follows:

## INTRODUCTION

1.      Plaintiff Derica McArn brings this action, pursuant to 42 U.S.C. § 1983, to redress

the deprivation of her federal constitutional rights.  More specifically, on April 12, 2011, at

approximately 6:15 a.m., Ms. McArn was unlawfully seized and arrested while she was lawfully

present in the home of her friend, located at 250 East 176th Street, Apt. 4-G, Bronx, New York

(the "Home").  Thereafter, she was held for approximately 24 hours before being released from

Bronx County Central Booking.

## JURISDICTION AND VENUE

2.      Pursuant to 28 U.S.C. §§ 1331 and 1343, jurisdiction is proper as Ms. McArn's

claims arise under federal law.

3.      Pursuant to 28 U.S.C. § 1391(b), venue is proper as the acts complained of

occurred in the City of New York, County of Bronx.

## PARTIES

4.      Ms. McArn is a citizen of the United States.  She resides in the State of New York, County of Bronx.

5.      Sergeant Josue Perez, Shield No. 01870, is a member of the New York City Police Department ("NYPD").  At all times relevant to this Complaint, defendant Perez held the rank of Police Officer, and carried Shield No. 007624.  Upon information and belief, at the times of the acts complained of, Defendant Perez was assigned to the Bronx Narcotics Bureau.

6.      Upon information and belief, defendant Perez is still a member of the NYPD, and is currently assigned to the 33rd Precinct.  At all times relevant herein, he was acting within the scope of his employment and under color of law.

7.      Defendant Police Officers Does and Roes 1-10 were, at all times relevant herein, members of the NYPD.  Ms. McArn does not presently know their respective precinct assignments.

8.      Upon information and belief, defendants Roes and Does are still members of the NYPD.  At all times relevant herein, they were acting within the scope of their employment and under color of law.

9.      Defendant City of New York is a municipal corporation organized pursuant to the laws of the State of New York.  It has all the powers vested in it by the laws of the State of New York, the City of New York and the Charter of the City of New York.  At all times relevant herein, it was the employer of defendant Perez.

## FACTS UNDERLYING THE COMPLAINT

10.     On the evening/early morning of April 11-12, 2011, Ms. McArn was visiting her

friend, Magaly Estevez, in the Home because Ms. Estevez was having difficulties with her significant other, Mario Davis. At Ms. Estevez's request, Ms. McArn decided to stay the evening.

11.     At approximately 6:15 a.m., Ms. McArn awakened to use the bathroom. As she approached the bathroom, members of the NYPD, including the defendants, broke through the door. Upon information and belief, the defendants entered the Home pursuant to a search warrant.

12.     When the defendants entered the Home, Ms. McArn was dressed in a t-shirt and panties. She was quickly joined by Ms. Estevez.

13.     Upon being met by one or more of the defendant officers, Ms. McArn was handcuffed immediately. Ms. McArn explained to the defendants that she did not live in the Home, which fact was immediately confirmed by Ms. Estevez.

14.     Upon information and belief, one or more members of the defendants conducted a search of the Home. Upon further information and belief, one or more members of the NYPD, including defendant Perez, found controlled substances inside a closed dresser drawer located in a bedroom.

15.     In response to the officers' discovery, Ms. Estevez again reiterated that Ms. McArn did not have anything to do with the drugs. Rather, she explained that they belonged to her boyfriend, Mario Davis. Upon information and belief, the search warrant defendants possessed was related directly to the activities of Mr. Davis.

16.     The defendants had no basis to arrest Ms. McArn. She had not committed any crime, and had not given the defendants any reason to believe that she had committed any crime.

Nor did the defendants's search of the Home give them probable cause to believe that she had committed any crime.

17.    Following her arrest Ms. McArn was taken to the 42nd Precinct.  At the precinct, she remained in a holding cell for a number of hours.  Thereafter, she was fingerprinted and photographed, and later taken to Bronx Central Booking.

18.    Ms. McArn had never been previously arrested.  Nonetheless, in an accusatory instrument signed by defendant Perez, she was charged with Criminal possession of a controlled substance in the seventh degree (P.L. § 220.03), and Unlawful Possession of Marijuana (P.L. § 221.05).

19.    On or about December 8, 2011, all charges were dismissed against Ms. McArn.

FIRST CLAIM FOR RELIEF
(42 U.S.C. § 1983--False Arrest)

20.    Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 18, as if fully set forth herein.

21.    On April 12, 2011, defendants arrested Ms. McArn, or caused her to be arrested.

22.    Defendants did not have probable cause to believe that Ms. McArn had committed any crime.  Put simply, Ms. McArn did not engage in any conduct that warranted her arrest and detention.

23.    As a result of defendant's conduct, Ms. McArn was detained, and at all times she knew she was detained.  Moreover, Ms. McArn did not consent to her confinement.

24.    Because defendants did not have probable cause to believe that Ms. McArn had committed a crime, her arrest was unreasonable within the meaning of the Fourth and Fourteenth

Amendments to the United States Constitution.

25.     As a result of her arrest, Ms. McArn suffered psychological injuries, and continues to suffer psychological harm.

## SECOND CLAIM FOR RELIEF
### (42 U.S.C. § 1983–Malicious Prosecution)

26.     Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 25, as if fully set forth herein.

27.     On April 12, 2011, defendants arrested Ms. McArn, or caused her to be arrested.

28.     Defendants did not have probable cause to believe that Ms. McArn had committed any crime, and they knew probable cause did not exist for her arrest.

29.     Defendant Perez commenced the criminal prosecution against Ms. McArn, for which he know probable cause was lacking.

30.     Following the commencement of the criminal prosecution, Ms. McArn remained detained as result of her arrest.  She was required to appear in court to answer the charges against her.

31.     The criminal prosecution commenced against Ms. McArn was terminated in her favor.  On or about December 8, 2011, the Bronx County District Attorney's Office dismissed the charges against her.

32.     At all times relevant herein, defendant Perez acted with malice.  He knew, or should have known, that Ms. McArn was actually innocent of the offenses with which she was charged.

33.     As a result of her arrest and subsequent prosecution, Ms. McArn suffered, and

continues to suffer, psychological harm.

### THIRD CLAIM FOR RELIEF
(42 U.S.C. § 1983 – *Monell* Liability)

34.    Plaintiff Derica McArn repeats and realleges the allegations contained in paragraphs 1 through 33, as if fully set forth herein.

35.    At all times material to this complaint, defendant City of New York had <u>de facto</u> policies, practices, customs and usages which were a direct and proximate cause of the unconstitutional conduct alleged herein.

36.    At all times material to this complaint, defendant City of New York failed to properly train, screen, supervise, or discipline its employees and police officers, including defendant Perez, and failed to inform the individual defendant's supervisors of their need to train, screen, supervise or discipline defendant Perez.

37.    The policies, practices, customs, and usages, and the failure to properly train, screen, supervise, or discipline, were a direct and proximate cause of the unconstitutional conduct alleged herein, causing injury and damage in violation of Ms. McArn's constitutional rights as guaranteed under 42 U.S.C. § 1983 and the United States Constitution, including its Fourth and Fourteenth Amendments.

38.    As a result of the foregoing, Ms. McArn has been injured.

### DEMAND FOR A JURY TRIAL

39.    Pursuant to Rule 38 of the Federal Rules of Civil Procedure, plaintiff demands a trial by jury on all issues.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for the following relief:

     (a)     compensatory damages in an amount to be determined at trial;

     (b)     punitive damages in an amount to be determined at trial;

     (c)     reasonable attorneys' fees;

     (d)     costs and expenses; and

     (e)     such other and further relief as is just and proper.

Dated: New York, New York
       January 13, 2014

                      SCOTT A. KORENBAUM, ESQ.
                      Attorney for Plaintiff
                      11 Park Place, Suite 914
                      New York, New York 10007
                      (212) 587-0018

                  By: _____
                        Scott A. Korenbaum